UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT L. SCHULZ; and ANTHONY FUTIA, JR,

               Plaintiffs,

v.                                                                    1:19-CV-0056
                                                                      (GTS/TWD)
STATE OF NEW YORK; ANDREW CUOMO,
individually and in his official capacity as
Governor of the State of New York; JOHN J.
FLANAGAN, individually and in his former
capacity as Majority Leader of the New York Senate;
ANDREA-STEWART COUSINS, individually and in
her former capacity as Minority Leader of the New
York Senate; CARL E. HEASTIE, individually and in
his official capacity as Speaker of the New York
Assembly; THOMAS DiNAPOLI, in his official
capacity as Comptroller of New York State; and
BRIAN KOLB, individually and in his official capacity
as Minority Leader of the New York Assembly,

               Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

ROBERT L. SCHULZ
  Plaintiff, *Pro Se*
2458 Ridge Road
Queensbury, NY 12804

ANTHONY FUTIA, JR.
  Plaintiff, *Pro Se*
24 Custis Avenue
N. White Plains, NY 10603

HON. LETITIA A. JAMES                    CHRISTOPHER LIBERATI-CONANT, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* constitutional rights action filed by Robert L. Schulz and Anthony Futia, Jr. ("Plaintiffs") against the State of New York, New York Governor Andrew Cuomo, former New York Senate Majority Leader John J. Flanagan, former New York Senate Minority Leader Andrea-Stewart Cousins, New York Assembly Speaker Carl E. Heastie, New York Comptroller Thomas DiNapoli, and New York Assembly Minority Leader Brian Kolb ("Defendants") are the following two motions: (1) Defendants' motion to dismiss Plaintiffs' Complaint for lack of subject-matter jurisdiction or, in the alternative, failure to state a claim; and (2) Plaintiffs' second motion for reconsideration of the Court's orders dismissing Plaintiffs' motion for summary judgment and denying their first motion for reconsideration.  (Dkt. Nos. 14, 15.)  For the reasons set forth below, Defendants' motion is granted and Plaintiffs' motion is denied as moot.

## I.    RELEVANT BACKGROUND

### A.    Plaintiffs' Complaint

Generally, in their Complaint, Plaintiffs assert six claims: (1) Defendants violated Article IV, Section 4 of the United States Constitution ("the Guarantee Clause") in that, by their actions, they have threatened and compromised the constitutional guarantee to a republican form of government; (2) Defendants violated portions of the New York State Constitution by creating a Committee on Legislative and Executive Compensation because, in doing so, Defendants impermissibly transferred the power to make law outside of the legislature and improperly allowed an increase in legislative members' salaries; (3) Defendants violated portions of the New

York State Constitution by lending money to Amazon as part of a deal they made with the private company; (4) Defendants have failed to comply with N.Y. Educ. L. § 801.2 by failing to ensure that schools in New York State teach children about the New York State Constitution; (5) Defendants violated portions of the New York State Constitution by allowing Defendant Cuomo to appoint judges to the Court of Claims who were immediately assigned to positions as Supreme Court judges without having been duly elected; and (6) Defendants violated the First Amendment of the United States Constitution in failing to respond to Plaintiffs' "petitions for redress of grievances" that they served on Defendant Cuomo and that contained Plaintiffs' objections to the conduct underlying their claims above.  (Dkt. No. 1, at ¶¶ 60-135 [Pls.' Compl.].)

### B.  Parties' Briefing on Defendants' Motion to Dismiss

#### 1.  Defendants' Memorandum of Law

Generally, in their memorandum of law, Defendants make two arguments.  (Dkt. No. 14, Attach. 1, at 11-16 [Defs.' Mem. of Law].)  First, Defendants argue that the Court should dismiss Plaintiffs' federal claims for lack of subject-matter jurisdiction for the following reasons: (a) Plaintiffs' claim under the Guarantee Clause should be dismissed because a challenged based on that clause has been found to present no justiciable question, noting in particular that this Court has previously dismissed a similar challenge by one of the Plaintiffs in a different lawsuit; and (b) Plaintiffs' First Amendment claim is frivolous because the First Amendment does not suggest that a petitioner has any right to receive a response to his or her petition.  (*Id.* at 11-13.)

Second, Defendants argue as follows: (a) if the Court dismisses the above federal claims, the Court either cannot or should not exercise supplemental jurisdiction over Plaintiffs' remaining state law claims; (b) even if the Court chooses to exercise supplemental jurisdiction,

these claims would necessarily merit dismissal based on application of the doctrine of sovereign immunity, which has not been waived or abrogated in this instance; and (c) supplemental jurisdiction is not warranted if the federal claims are dismissed because this case is still in its early stages and issues of state law predominate.  (*Id.* at 13-16.)

### 2.     Plaintiffs' Opposition Memorandum of Law

In opposition to Defendants' motion, Plaintiffs make five arguments.  (Dkt. No. 18, at 5-11 [Pls.' Opp'n Mem. of Law].)  First, Plaintiffs argue that their claim under the Guarantee Clause is justiciable because it does not involve a political question.  (*Id.* at 5-7.)

Second, Plaintiffs argue that their First Amendment claim should not be dismissed because the language and history of the First Amendment and the right to petition for redress of grievances suggests that there exists a right to receive a response to those petitions.  (*Id.* at 7-9.)

Third, Plaintiffs argue that the Court has subject-matter jurisdiction over their claims pursuant to Fed. R. Civ. P. 12(b)(1) because their federal claims are meritorious.  (*Id.* at 9-10.)

Fourth, Plaintiffs argue that their claims should not be dismissed because they have stated claims upon which relief can be granted.  (*Id.* at 10-11.)

Fifth, Plaintiffs argue that the Eleventh Amendment doctrine of sovereign immunity does not bar their claims because Defendants have avoided their constitutional responsibilities and exhibited wanton and reckless disregard for those responsibilities.  (*Id.* at 11.)

### C.     Parties' Briefing on Plaintiffs' Second Motion for Reconsideration

Generally, in their memorandum of law in support of their second motion for reconsideration, Plaintiffs argue that the reasons given by the Court for denying their pre-answer motion for summary judgment as being premature are erroneous.  (Dkt. No. 15, Attach. 2, at 1-10

4

[Pls.' Mem. of Law].)  More specifically, Plaintiffs argue that (a) it was clear error for the court to deny Plaintiff's pre-answer motion for summary judgment under Fed. R. Civ. P. 56(d) without having received a Fed. R. Civ. P. 56(d) affidavit from Defendants, (b) it was clear error of law to deny that motion under Fed. R. Civ. P. 56(f) without giving notice and a reasonable time to respond, (c) the Court's denial of the motion based on the need to have an answer to be part of the record and narrow the issues was erroneous because any response to Plaintiffs' motion would have served those same purposes, (d) the Court's denial of the motion on its merits violated Plaintiffs' due process rights and is in any event erroneous because Defendants would not have been able to dispute most of the facts raised by Plaintiffs, (e) Plaintiffs were prejudiced by the denial of their motion because the Court will be deciding Defendants' motion to dismiss without a full understanding of the undisputed facts, and (f) there is an appearance of bias based on the undersigned's "prior role" in a previous case involving Plaintiff Schulz as a litigant.  (*Id.*)

## II.  GOVERNING LEGAL STANDARDS

### A.  Legal Standards Governing a Motion to Dismiss Based on Lack of Subject-Matter Jurisdiction

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).  A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the

evidence.  *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]).  When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff.  *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

## B.     Legal Standards Governing a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim.  *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) [emphasis added].  In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal."  *Jackson*, 549 F. Supp. 2d at

212 n.20 (citing Supreme Court case).  On the other hand, the Supreme Court has held that, by

requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2)

requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the

plaintiff's claim is and the grounds upon which it rests."  *Jackson*, 549 F. Supp. 2d at 212 n.17

(citing Supreme Court cases) (emphasis added).

   The Supreme Court has explained that such *fair notice* has the important purpose of

"enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision

on the merits" by the court.  *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases);

*Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing

Second Circuit cases).  For this reason, as one commentator has correctly observed, the "liberal"

notice pleading standard "has its limits."  2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d

ed. 2003).  For example, numerous Supreme Court and Second Circuit decisions exist holding

that a pleading has failed to meet the "liberal" notice pleading standard.  *Rusyniak,* 629 F. Supp.

2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129

S. Ct. 1937, 1949-52 (2009).

   Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate

decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  In doing so, the Court "retire[d]" the

famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint

should not be dismissed for failure to state a claim unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Twombly*, 127 S. Ct. at 560-61, 577.  Rather than turn on the *conceivability* of an actionable

7

claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 555-70. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 555. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not

8

suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[1]

---

[1]      *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72

### III.    ANALYSIS

#### A.    Whether Plaintiffs' First Claim Must Be Dismissed

After careful consideration, the Court answers this question in the affirmative for the reasons stated in Defendants' memorandum of law.  (*See, supra*, Part I.B.1. of this Decision and Order.)  To those reasons, the Court adds the following analysis.

Although it is "the province and duty of the judicial department to say what the law is," there are instances where "the judicial department has no business entertaining the claim of unlawfulness–because the question is entrusted to one of the political branches or involves no judicially enforceable rights;" such a claim "is said to present a 'political question' and to be nonjusticiable–outside the courts' competence and therefore beyond the courts' jurisdiction." *Rucho v. Common Cause*, 139 S.Ct. 2484, 2494 (2019).  In *Baker v. Carr*, the Supreme Court indicated that, although "the mere fact that the suit seeks protection of a political right does not mean it presents a political question," it had been previously recognized that "if any department of the United States was empowered by the Guaranty Clause [to resolve an issue related to the republican form of government], it was not the judiciary."  *Baker*, 369 U.S. 186, 220 (1962).  In *Baker*, the Supreme Court cited numerous examples of their own past decisions in which they "refused to resort to the Guaranty Clause . . . as the source of a constitutional standard for invalidating state action," and explicitly stated that "the Court has consistently held that a challenge to state action based on the Guaranty Clause presents no justiciable question. . . ."

_____

(2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

*Baker*, 369 U.S. at 223-24 (collecting cases).

Although the Supreme Court has since qualified that "perhaps not all claims under the Guarantee Clause present nonjusticiable political questions," it does not appear that the Supreme Court has indicated in what circumstances such claims would be justiciable. *New York v. United States*, 505 U.S. 144, 185 (1992) (declining to decide whether the claim at issue was justiciable when disposing of the case on an alternative ground). Additionally, the Supreme Court has just this year reaffirmed the general principle that the Guarantee Clause is nonjusticiable. *Rucho*, 139 S.Ct. at 2506 (noting that "[t]his Court has several times concluded, however, that the Guarantee Clause does not provide a basis for a justiciable claim"). Given the current state of the law and the lack of guidance from the Supreme Court as to what circumstances might present a justiciable claim under the Guarantee Clause, the Court is bound to find that Plaintiffs' claim under the Guarantee Clause related to a denial of a republican form of government is a nonjusticiable political question. *See Schulz v. New York State Executive Pataki*, 960 F. Supp. 568, 574-76 (N.D.N.Y. 1997) (McAvoy, C.J.) (engaging in a lengthy discussion of the relevant law and history, including *New York v. United States*, noting that there is "scant guidance in determining when the general rule of nonjusticiability should be abrogated," and concluding that "[i]n light of the Guarantee Clause's implicit protection of state governmental processes from the tyranny of an all-powerful federal sovereign, it would seem imprudent on the part of the federal judiciary to allow the Clause to be used to challenge a state's own lawmaking"). The state of the law has not been clarified much, if at all, in the intervening years since this Court decided *Schulz* and therefore the Court sees no reason to depart from that logic in this case.

Consequently, Plaintiffs' First Claim must be dismissed for lack of subject-matter

jurisdiction.

      **B.**     **Whether Plaintiffs' Sixth Claim Must Be Dismissed**

      After careful consideration, the Court answers this question in the affirmative for the reasons stated in Defendants' memorandum of law.  (*See, supra*, Part I.B.1. of this Decision and Order.)  To those reasons, the Court adds the following analysis.

      As discussed above, Plaintiffs' First Amendment claim is based on the premise that the First Amendment contains the right not only to petition the government for redress of grievances, but also to receive a response to any such petition.  However, Plaintiffs have failed to cite any case law to support this argument or its interpretation of historical context, and particularly to support their argument that the Supreme Court and other cases cited by Defendants that state that no response is required under the First Amendment are not applicable in the context presented here.  (Dkt. No. 18, at 7-9 [Pls.' Opp'n Mem. of Law].)

      In *Minnesota State Bd. for Community Colleges v. Knight*, 465 U.S. 271 (1984), the Supreme Court stated that "[n]othing in the First Amendment or this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues."  *Knight*, 465 U.S. at 283-87.  Cases from other courts also indicate that no right to a response is contained in the First Amendment.  *See We the People Foundation, Inc. v. United States*, 485 F.3d 140, 141 (D.C. Cir. 2007) (Kavanaugh, J.) ("Plaintiffs contend that the First Amendment guarantees a citizen's right to receive a government response to or official consideration of a petition for redress of grievances.  Plaintiffs's argument fails because, as the Supreme Court has held, the First Amendment does not encompass such a right.") *cert. denied* 552 U.S. 1102 (2008); *Apple v.*

*Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (finding that "a citizen's right to petition the government does not guarantee a response to the petition" in a context where the plaintiff alleged a First Amendment violation due to the defendant's failure to answer letters sent to that defendant by the plaintiff); *Kittay v. Giuliani*, 112 F. Supp. 2d 342, 354 (S.D.N.Y. 2000) (noting that the First Amendment does not "ensure that an elected official will necessarily act a certain way or respond in a certain manner to requests from his constituents, and dismissing the claim because plaintiff did not allege that the government's actions prevented him from communicating his grievances to elected officials or otherwise denied his right to access the courts).

Both *We the People* and *Apple* involved conduct similar to that which Plaintiffs engaged in here: sending petitions to governmental officials outside of any formal judicial or administrative avenue. Additionally, *We the People* involved petitions that were similar in that those petitions were made to protest what the plaintiffs saw as the apparent unlawfulness of the government's actions. Consequently, given the similarities between the situations and the relatively clear indication from the Supreme Court in *Knight* that the First Amendment does not contain a right to a response to a petition for redress of grievance, the Court sees no reason for reaching any conclusion different from those in the above cases.[2]

Additionally, the Court cannot ignore the fact that there is no evidence that Plaintiffs were prevented from petitioning the New York State government for redress of their grievances based

---

[2] The Court also finds it notable that Plaintiffs are self-professed members of a New York branch of the same organization that was the plaintiff in *We the People*, and, in fact, Plaintiff Schulz is listed as the *pro se* plaintiff in that case. *We the People*, 485 F.3d at 140. Yet, despite therefore being aware of the D.C. Circuit's clear resolution of the very same legal issue now raised in this case, Plaintiffs have not acknowledged the existence of *We the People* anywhere in their papers or in any way attempted to explain why those legal principles do not also apply here.

13

on the simple fact that they were able to file the action that is the basis of this current motion. After all, it is well-recognized that access to the courts is a facet of the right to petition under the First Amendment. *See Borough of Duryea, Pennsylvania v. Guarnieri*, 564 U.S. 379, 387 (2011) ("The right of access to courts for redress of wrongs is an aspect of the First Amendment right to petition the government."); *McDonald v. Smith*, 472 U.S. 479, 484 (1985) ("[F]iling a complaint in court is a form of petitioning activity."); *Alvarado v. Westchester Cnty*, 22 F. Supp. 3d 208, 214 (S.D.N.Y. 2014) ("[A]ny claim that plaintiffs were deprived of their right to petition the government for redress is belied by the fact of their bringing this lawsuit."). Nor have Plaintiffs alleged that they were denied the right to file any type of state administrative proceeding, such as an Article 78 proceeding under New York law. *See Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194-95 (2d Cir. 1994) (noting that the right to "seek administrative and judicial relief" are protected by the First Amendment, and finding that an Article 78 proceeding was petitioning conduct protected under the First Amendment). Therefore, regardless of whether or not Plaintiffs were entitled to a response to their other petitions under the First Amendment, Plaintiffs have not shown, and cannot show, that they have been denied their right to petition for redress of their alleged grievances merely because Defendants failed to respond to Plaintiffs' less formal mode of petitioning. As such, there has been no constitutional violation.

For the above reasons, Plaintiff's Sixth Claim is dismissed.

### C.    Whether the Court Should Exercise Supplemental Jurisdiction Over Plaintiffs' State Law Claims

After careful consideration, the Court answers this question in the negative for the reasons stated in Defendants' memorandum of law. (*See, supra*, Part I.B.1. of this Decision and

Order.)  To those reasons, the Court adds the following analysis.

Even assuming that this Court has sufficient subject-matter jurisdiction to possess the discretion to decide whether to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, the Court declines to exercise any such discretion based on the fact that all of Plaintiffs' federal claims have been dismissed.  *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); *see also TPTCC NY, Inc. v. Radiation Therapy Servs., Inc.*, 453 F. App'x 105, 107 (2d Cir. 2011) (stating that, "[i]n deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh 'the values of judicial economy, convenience, fairness, and comity,'" and that "'in the usual case in which all federal-law claims are eliminated before trial,' the balance of factors will weigh in favor of declining to exercise supplemental jurisdiction") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 [1988]).

The Court therefore finds that Plaintiffs' remaining state law claims should be dismissed without prejudice to refiling in state court.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' second motion for reconsideration (Dkt. No. 15) is **DENIED** as **moot** based on the dismissal of Plaintiffs' federal claims and the Court's finding that there is no basis to exercise supplemental jurisdiction over their remaining state claims; and it is further

**ORDERED** that Plaintiffs' Complaint is **DISMISSED without prejudice** to refiling in

state court within the governing limitations period(s).

Dated: August 22, 2019
        Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge